### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD J. NICHOLAS,            )
      **Plaintiff**           )
                            )      **C.A. No. 06-198 Erie**
      vs.                )      **District Judge McLaughlin**
                            )      **Magistrate Judge Baxter**
JOHN F. CHERRY, et al.,      )
      **Defendants.**         )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     REPORT

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e).

### II.     RECOMMENDATION

Plaintiff Edward J. Nicholas, formerly an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, instituted this action *pro se* pursuant to 42 U.S.C. § 1983. Named as Defendants are: John F. Cherry; Robert Lewis, Esquire; Jeffrey B. Engle, Esquire; Scott A. Evans, Esquire; Michelle Zimmerman; James McCullough, Esquire; John E. Jones, III; American Detective Agency; Thomas Griser; Richard Long; Deborah Ruggerio; and Patricia Thompson. Although the allegations of Plaintiff's Complaint are somewhat disjointed, Plaintiff appears to seek: (1) monetary damages of $ 200,000,000.00; (2) costs of suit; (3) "expungement of case 3685 cd 1997 of Dauphin County Common Pleas;" and (4) judgment of law on "uncontested evidence of forgery and legal malpractice" related to Plaintiff's criminal conviction. (Document # 1 at p. 2).

Plaintiff filed a motion to proceed *in forma pauperis* on September 20, 2006 [Document # 3], which remains pending.

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an

action to proceed without payment of costs. Section 1915(e), as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(e). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court has considered facts and made inferences where it is appropriate.

Succinctly stated, Plaintiff claims that he has been falsely imprisoned as a result of an improper conviction entered in Dauphin County, Pennsylvania, and, thus, is entitled to have his criminal record expunged and legal damages assessed against all Defendants, who he deems responsible for violating his rights.  Under the Rooker-Feldman Doctrine,[1]  federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).  For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests.  Rooker  v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Plaintiff claims that the jury in his state court criminal trial actually found him not guilty of the crime of aggravated assault for which he was ultimately convicted and sentenced to his current term of incarceration.  Plaintiff is essentially asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence in an effort to have the state court judgment expunged.  In order to grant such relief, a determination that the state court judgment was erroneous must occur, and in particular, such relief would render the state court decision "ineffectual."   This he cannot do under the guise of a civil rights claim.

Moreover, Plaintiff's claim for monetary damages must also fail.  In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused

---

[1]

This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Plaintiff's complaint clearly implicates the validity of his conviction and sentence; yet, Plaintiff has made no showing that the conviction has been declared invalid. Therefore, Plaintiff's claim for monetary damages against the Defendants should be dismissed.

## III.  CONCLUSION

For the foregoing reasons, this complaint should be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 16, 2008

cc:      The Honorable Sean J. McLaughlin
         United States District Judge

4